# IN THE UNITED STATES DISTRICT COURT
# DISTRICT OF SOUTH CAROLINA

| Paul Tint, | ) | |
|---|---|---|
| Plaintiff, | ) | |
| vs. | ) | Civil Action No. 1:18-902-RMG |
| Andrew M. Saul, Commissioner of Social Security, | ) | **ORDER** |
| Defendant. | ) | |

Plaintiff brought this action pursuant to 42 U.S.C. § 405(g) to obtain relief from the final decision of the Commissioner of the Social Security Administration denying his application for Disability Insurance Benefits ("DIB") and Supplemental Security Income ("SSI"). In accord with 28 U.S.C. § 636(b) and Local Civil Rule 73.02 DSC, this matter was referred to a United States Magistrate Judge for pretrial handling. The Magistrate Judge issued a Report and Recommendation ("R & R") on July 19, 2019, recommending that the Commissioner's decision be affirmed. (Dkt. No. 23). Plaintiff filed objections to the R & R, and the Commissioner filed a reply. (Dkt. Nos. 24, 25).

The Magistrate Judge makes only a recommendation to this Court. The recommendation has no presumptive weight, and the responsibility to make a final determination remains with the Court. *Mathews v. Weber*, 423 U.S. 261 (1976). The Court is charged with making a *de novo* determination of those portions of the R & R to which specific objection has been made, and may accept, reject, or modify, in whole or in part, the recommendation of the Magistrate Judge. 28 U.S.C. § 636(b)(1).

The role of the federal judiciary in the administrative scheme of the Social Security Act is a limited one. Section 405(g) of the Act provides that "[t]he findings of the Commissioner of Social Security as to any fact, if supported by substantial evidence, shall be conclusive." 42 U.S.C. § 405(g). "Substantial evidence has been defined innumerable times as more than a scintilla, but less than preponderance." *Thomas v. Celebrezze*, 331 F.2d 541, 543 (4th Cir. 1964). This standard precludes *de novo* review of factual circumstances that substitutes the Court's findings for those of the Commissioner. *Vitek v. Finch*, 438 F.2d 1157 (4th Cir. 1971).

Although the federal court's review role is limited, "it does not follow, however, that the findings of the administrative agency are mechanically accepted. The statutorily granted right of review contemplates more than an uncritical rubber stamping of the administrative action." *Flack v. Cohen*, 413 F.2d 278, 279 (4th Cir. 1969). "[T]he courts must not abdicate their responsibility to give careful scrutiny to the whole record to assure that there is a sound foundation for the [Commissioner's] findings." *Vitek*, 438 F.2d at 1157-58.

**Discussion**

The Magistrate Judge, in a comprehensive and well-reasoned R & R, addressed each of the issues now the subject of Plaintiff's objections and concluded that the Commissioner's final decision complied with controlling legal standards and was supported by substantial evidence. Plaintiff objects to the Administrative Law Judge ("ALJ") giving only limited weight to the opinions of two treating specialist physicians, Dr. Rhett Myers and Dr. David Rogers. The ALJ's October 13, 2016 decision carefully analyzes the opinions of these treating physicians expressed in questionnaires and contrasts these opinions with the physicians' treatment records. The ALJ identifies significant disparities in the questionnaire responses of these treating physicians and

their treatment notes and provides carefully reasoned justifications for according limited weight to the opinions of Dr. Myers and Dr. Rogers. Tr. 496-498. The Magistrate Judge provides a comprehensive review of the medical record, the opinions of the treating physicians, and the ALJ's decision and recommends the Commissioner's decision be affirmed, finding that the ALJ's decision is supported by substantial evidence and applies appropriately the standards of the Treating Physician Rule, 20 C.F.R. § 404.1527. (Dkt. No. 23 at 45-59). This Court has made its own review of the administrative record in this matter and finds the ALJ's decision in accord with controlling legal standards and supported by substantial evidence. The Court further finds that the R &R capably addresses the issue on review and applies the appropriate legal standards. Consequently, the Court **ADOPTS** the R & R of the Magistrate Judge (Dkt. No. 23) as the order of this Court and **AFFIRMS** the decision of the Commissioner.

AND IT IS SO ORDERED.

_____
Richard Mark Gergel
United States District Judge

August 26, 2019
Charleston, South Carolina